**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

JAEL FRAISE, # 108460                                                PETITIONER

VERSUS                                          CIVIL ACTION NO. 1:10cv266-HSO-JMR

MARGARET BINGHAM                                                   RESPONDENT

### MEMORANDUM OPINION AND ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATIONS

This matter is before the Court on Jael Fraise's Objections [37] to the Report

and Recommendations [33] of Chief United States Magistrate Judge John M. Roper,

filed in this cause on April 25, 2012. The Court has thoroughly reviewed the

findings in the Report and Recommendations [33], the record, the position of the

Petitioner advanced in his Objections [37], and the relevant law, and concludes that

Petitioner's Objections [37] should be overruled, and that his Petition for Writ of

Habeas Corpus [1] should be denied.

### I. FACTS AND PROCEDURAL HISTORY

In July 2007, Jael Fraise ["Petitioner"] was convicted of armed robbery and

possession of a firearm by a convicted felon, and was sentenced as a habitual

offender to serve two (2) life sentences in the custody of the Mississippi Department

of Corrections ["MDOC"], without the possibility of parole. Petitioner was a parolee

at the time he committed these offenses. The Mississippi Court of Appeals affirmed

Petitioner's conviction and sentences on March 31, 2009. *Fraise v. State*, 17 So. 3d

160 (Miss. Ct. App. 2009). Petitioner subsequently filed a petition for Post-

Conviction Relief ["PCR"] with the Mississippi Supreme Court, which was denied by

Order entered on May 4, 2010. *Fraise v. State*, No. 2009-M-01752 (May 3, 2010).

Petitioner filed the instant Petition for Writ of Habeas Corpus [1], with an accompanying Memorandum [2], on June 14, 2010. The Magistrate Judge recommended that Fraise's habeas corpus Petition [1] be denied for failing to meet the standards of 28 U.S.C. § 2254. Based on its review, the Court finds that the Magistrate Judge's Report and Recommendations [33] correctly applied the governing legal standards. As discussed in more detail below, the Court will therefore adopt the Magistrate Judge's Report and Recommendations [33]. Petitioner's Objections [37] will be overruled and his Petition for Writ of Habeas Corpus [1] will be denied.

## II. DISCUSSION

### A.    Standard of Review

Because Petitioner has filed written Objections [37] to the Magistrate Judge's Report and Recommendations [33], the Court applies a *de novo* standard of review. 28 U.S.C. § 636(b)(1); *see* Rule 8(b) of RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS. The instant Petition [1] is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat 1214 (1996) ["AEDPA"]. *Green v. Johnson*, 116 F.3d 1115, 1119-20 (5th Cir. 1997). The authority of this Court to issue habeas corpus relief for persons in custody of the state is conferred by 28 U.S.C. § 2254, which provides, in pertinent part, as follows:

(d) [a]n application for a writ of habeas corpus on behalf of a person in

custody pursuant to the judgment of a State Court shall not be granted with respect to any claim that was adjudicated on the merits in State Court proceedings unless that adjudication of the claim

> (1) resulted in a decision that was contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d).

## B.    The Magistrate Judge's Report and Recommendations

1. Procedurally Barred Claims

Federal judicial authority to grant habeas relief is restrained by an over-arching commitment to state courts as the "principle forum for asserting constitutional challenges to state convictions." *Harrington v. Richter*, 131 S. Ct. 770, 787 (2011).  The procedural bar doctrine prohibits review of federal habeas claims not properly presented to the state courts.  *Cone v. Bell*, 129 S. Ct. 1769, 1780 (2009).  As an initial matter, the Magistrate Judge correctly determined that eight (8) of the thirty (30) grounds advanced in the Petition [1] are procedurally barred.  Report and Recommendations [33], at p. 6-7.

Specifically, in Ground One, Petitioner alleges that the prosecutor's comments regarding flight information were improper because they had been previously deemed inadmissible by the trial court.  Pet. for Writ of Habeas Corpus [1], at p. 9.  Ground Three asserts that the State violated Petitioner's Due Process rights when it failed to provide the defense with the content of witness statements.

*Id.*, at p. 12.  Ground Nine questions the legality of  prosecutorial comments and attempts to impeach witnesses during trial.  *Id.*, at p. 20.  In Ground Sixteen, Petitioner claims that the lineup conducted by police was overly suggestive.  *Id.*, at p. 27.  The Mississippi Court of Appeals properly concluded that these claims were barred by the contemporaneous objection rule.  Thus, they were not adequately preserved for review, because defense counsel failed to raise an objection to these issues at trial.  *Fraise*, 17 So. 3d at 163.

Federal courts have consistently found Mississippi's contemporaneous objection bar to be both adequate and independent.  *See, e.g., Johnson v. Puckett*, 176 F.3d 809, 823-24 (5th Cir. 1999); *see also Smith v. Black*, 970 F.2d 1383, 1387 (5th Cir. 1992).  The Magistrate Judge, in citing the contemporaneous objection rule, correctly determined that these issues were not properly preserved for review.  Report and Recommendations [33], at p. 9-10.

Grounds Seven, Thirteen, Nineteen, and Twenty-Five are also procedurally barred.  In Ground Seven, Petitioner contends that the trial court erred when it failed to grant a mistrial based on jury prejudice.  Pet. for Writ of Habeas Corpus [1], at p. 18.  Ground Thirteen raises a deficient counsel claim, and questions defense counsel's failure to object to Jury Instruction Seven (7).  *Id.*, at p. 24.  Ground Nineteen states that Petitioner was deprived of a fair trial due to the State's use of evidence regarding the circumstances of his arrest.  *Id.*, at p. 30.  In Ground Twenty-Five, Petitioner contends that the jury was prejudiced when he was accompanied by

two armed guards throughout the course of the trial.  *Id.*, at p. 36.  In reviewing

Fraise's state PCR petition, the Mississippi Supreme Court concluded that these

claims were procedurally barred pursuant to MISS. CODE ANN. § 99-39-21(1), which

states:

> [f]ailure by a prisoner to raise objections, defenses, claims, questions,
> issues or errors either in fact or law which were capable of determination
> at trial and/or on direct appeal, regardless of whether such are based on
> the laws of the Constitution of the state of Mississippi or of the United
> States, shall constitute a waiver thereof and shall be procedurally
> barred.

MISS. CODE ANN. § 99-39-21(1); *Fraise v. State*, No. 2009-M-01752 (May 3, 2010).

In his Objections [37], Petitioner contends that his attorney objected to the

State's introduction of the facts of his arrest at trial, such that this issue is preserved

for review.  Objections [37], at p. 3 (referencing Ground Nineteen in his original

Petition for Writ of Habeas Corpus [1]).  The record does reflect that Petitioner's

counsel objected to this line of the State's questioning, and that the objection was

overruled by the presiding trial judge.  State Ct. R. [12-6], Brief of Appellee, at p. 8.

Assuming that this claim was preserved for review, the Court finds that Petitioner's

assertion fails on the merits.

In Ground Nineteen, Petitioner contends that the trial court abused its

discretion when it permitted the State to reference the circumstances surrounding

his arrest.  Petition for Writ of Habeas Corpus [1], at p. 30.  The trial judge

determined that prosecutorial statements regarding such information were issues of

fact, and were permitted.  State Ct. R. Brief of the Appellee [12-6], at p. 15.  Even

had the trial court erred in overruling defense counsel's objection, the Mississippi Supreme Court later determined that "[n]ot withstanding the procedural bar, the panel finds [the] claims without merit." *Fraise v. State*, No. 2009-M-0175 (May 3, 2010). In a habeas court's deferential posture, relief may only be granted with a showing that the state court's decision was contrary to then clearly established federal law. *Bell v. Cone*, 535 U.S. 685 (2002). A federal habeas court presumes that the underlying state court made sound factual findings. *Woods v. Quarterman*, 493 F.3d 580, 584 (5th Cir. 2007). This presumption is only rebutted when a petitioner presents clear and convincing evidence of state court error. *Id.* The finding by the Mississippi Supreme Court was not contrary to clearly established federal law and Petitioner has not provided additional evidence supporting his claim. The Court concludes that Grounds Seven, Thirteen, Nineteen, and Twenty-Five do not support Petitioner's claims.

    2. <u>Substantive Claims</u>

Petitioner asserts two substantive claims: (1) violation of his Fourth Amendment rights, and (2) violation of his Sixth Amendment rights. The Report and Recommendations [33] properly concluded that Petitioner's Fourth Amendment search and seizure claims, as well as his ineffective assistance of counsel claims, should be denied. Report and Recommendations [33], at pp. 16, 20-37.

    a. <u>Fourth Amendment Search and Seizure Claims</u>

Petitioner's Fourth Amendment claims are governed by the standard set forth in *Stone v. Powell,* wherein the United States Supreme Court held that, if a

6

state court has considered the Fourth Amendment claims, a prisoner "may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search and seizure was introduced at trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976). Pursuant to *Stone*, Petitioner was given sufficient opportunity to litigate his Fourth Amendment complaints, both in a pre-trial motion, during the trial itself, on appeal, and in his PCR petition.

In his Objections [37], Petitioner maintains that the Magistrate Judge failed to adequately consider his search and seizure claims because he did not distinguish between the legality of searches conducted as a result of a criminal investigation, and those conducted for parole purposes. Objections [37], at p. 13-14. Precedent clearly indicates that an individual on parole is entitled to significantly less privacy than an average citizen. *See Robinson v. State*, 312 So. 2d 15, 18 (Miss. 1975) (quoting *People v. Hernandez*, 229 Cal.App.2d 143, 150 (Cal. Ct. App.1964)) (holding that "'the answer is that he has at least as much protection as he had within the prison walls. He did not possess this guaranty in prison and it was not restored to him when the gates of parole opened'"). Had Petitioner raised his argument as to the alleged bifurcated standard of review for criminal versus parolee searches in his direct appeal and PCR, it would have been without merit due to his reduced expectation of privacy as a parolee. Therefore, Petitioner's Objection regarding illegal searches and seizures is not supported by the law, and should be overruled.

b. Sixth Amendment Ineffective Assistance of Counsel Claims

Based on the accepted two-prong test announced by the United States

Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), the Mississippi

Court of Appeals and the Magistrate's Report and Recommendations [33] both

correctly concluded that Petitioner's ineffective assistance of counsel claims should

be denied. *Fraise*, 17 So. 3d at 163-67; Report and Recommendations [33], at p.16-

37. The analysis of a deficient counsel claim involves a two-fold inquiry. *Strickland,*

466 U.S. at 687. A court must first consider whether counsel's errors amounted to a

constitutional injustice, in violation of the Sixth and Fourteenth Amendments. *Id.*

Second, the degree to which counsel's errors prejudiced the outcome of the case must

be examined. *Id.* Only upon satisfying both of these requirements is a petitioner

entitled to habeas relief. *Id.* at 687-88. This highly deferential standard of review

requires that counsel's actions be considered in light of the "objective standard of

reasonableness." *Id.* at 688.

Petitioner claims his trial counsel was ineffective in the following respects:

(1) he failed to apprise Petitioner of the factors associated with his right to testify;

(2) he failed to object at integral parts of the trial, including the questioning of

witnesses and the State's use of evidence that had allegedly been barred by the

court; (3) he failed to file motions for suppression of evidence, a mistrial, and

discovery; and (4) he failed to investigate Petitioner's defense thoroughly. Pet. for

Writ of Habeas Corpus [1], at p. 4-6. For similar reasons, Petitioner further

contends that his appellate counsel was deficient. *Id.*, at p. 6. Finally, Petitioner

raises a cumulative error claim, and alleges that defense counsel's errors, when

considered in their entirety, amount to a violation of his right to a fair trial. *Id.*, at p. 7.

Nearly all of Petitioner's contentions regarding his counsel's deficiency arise from a planned and reasonable trial strategy on the part of his attorney. As the Magistrate Judge concluded, even if Petitioner had been able to demonstrate that his counsel was constitutionally ineffective, satisfying the first prong of the *Strickland* analysis, he is unable to establish that this led to an unfair jury verdict, or that prejudice resulted. Report and Recommendations [33], at pp. 20, 28. The voluminous evidence presented by the State at trial would render a different outcome highly unlikely. Report and Recommendations [33], at p. 20*; see Harrington,* 131 S. Ct. at 792 (finding that, for prejudice to exist, there must be a substantial likelihood that the verdict would be altered, had counsel's errors not existed).

Several of Petitioner's complaints arise from defense counsel's failure to object or pursue motions at trial. Pet. for Writ of Habeas Corpus [1], at p. 4-6. When counsel fails to make an objection or raise a motion that lacks merit, and consequently, would have been denied by the court, such conduct cannot form the basis of an ineffective assistance of counsel claim. *Emery v. Johnson,* 139 F.3d 191, 198 (5th Cir. 1997).

In Objection Six, Petitioner contends that the Magistrate Judge improperly construed the use of flight evidence by the prosecutor. Objections [37], at p. 4. Petitioner maintains that even the State's appellate brief admits that this line of

questioning pertained to flight, which was deemed inadmissible by the trial judge. *Id.* However, based on the record before the Court, it is evident that the State argued that this testimony was used to demonstrate Petitioner's "consciousness of guilt," and to further establish the facts surrounding witness credibility. State Ct. R. Brief of the Appellee [12-6], at p. 16. The Magistrate Judge properly concluded that the use of flight evidence at trial was not erroneous.

In Objection Seven, Petitioner argues that because witness Holly Krantz was not disclosed on the State's witness and subpoena list, his attorney's failure to object to the prosecutor's alleged non-disclosure constituted ineffective assistance of counsel. Objections [37], at p. 5. Even if this witness was not properly disclosed by the State prior to trial, Petitioner has failed to demonstrate resulting prejudice in order to satisfy the second prong under *Strickland*. *See U.S. v. Moes*, 27 Fed. App'x 418, 420-21 (6th Cir. 2001) (reasoning that, "[e]ven if these two witnesses were undisclosed prior to trial, [Petitioner] can show no prejudice from their testimony"). Given the overwhelming amount of evidence presented by the State, including eyewitness identification, it is unlikely that, even absent Holly Krantz's testimony, the jury would have reached an alternative conclusion.

To support his claim that Holly Krantz's testimony should have been grounds for his attorney to request a continuance, Petitioner contends that, "by law," his defense counsel was required to do so, despite Fraise's insistence on a speedy trial. Objections [37], at p. 6. However, Petitioner fails to cite any legal authority in support of his claim. The Report and Recommendations [33] correctly concluded

that, because a motion for a continuance would have lacked merit, this cannot be the basis for a deficient counsel claim. Report and Recommendations [33], at p. 22.

Petitioner also argues that, while he was informed of his general right to testify, he was not advised by his attorney as to the factors associated with testifying or not testifying. Objections [37], at p. 10. He claims that this distinction, not addressed in the Report and Recommendations [33], demonstrates how defense counsel was ineffective. *Id.* Defense counsel's advice regarding Petitioner's right to testify concerned the danger that his prior convictions could be presented by the State on cross-examination. Report and Recommendations [33], at p. 26. Preventing such testimony from being considered by the jury, which could have ultimately disadvantaged the defense, was a reasonable trial strategy. *Id.* As the Magistrate Judge concluded, Petitioner has proffered no evidence that defense counsel failed to fully advise him of the benefits and burdens of testifying. This claim cannot form the basis for habeas relief.

Additionally, Petitioner objects to the Magistrate Judge's conclusion regarding the State's closing arguments,[1] to which defense counsel failed to object. Objections [37], at p. 11. In his Objections [37], Petitioner posits that the United States Supreme Court's decision in *Taylor v. Kentucky*, 436 U.S. 478 (1978), negates

---

[1] During closing arguments, the prosecutor stated: "[a]s the defendant sits here he is presumed innocent. He is presumed innocent until proven guilty. But I want to remind you that everybody in Parchman, Mississippi, is presumed innocent, also. So he's presumed innocent until we, the State, prove to you beyond a reasonable doubt that he is guilty." State Ct. R. Vol. 2 [12-2], at p. 34.

the Magistrate Judge's recommendation that this claim be denied. Objections [37], at p. 11. In *Taylor*, the Supreme Court was confronted with a situation where a defendant was not given a jury instruction at trial that informed the jury that the defendant was presumed innocent until proven guilty. *Taylor*, 436 U.S. at 480-81. The Court concluded that the absence of this jury instruction violated the defendant's Fourteenth Amendment right to a fair trial. *Id.* at 491. That is not the situation here. Unlike the circumstances in *Taylor*, where the petitioner challenged the absence of a jury instruction, Petitioner here objects to the legality of the prosecutor's statements during closing arguments. The Magistrate Judge determined that the prosecutor correctly stated the applicable law, and thus, any objection by defense counsel would not have succeeded. Report and Recommendations [33], at p. 27. The Court finds that the Magistrate Judge properly concluded that the law was correctly characterized by the prosecutor at trial.

Petitioner also suggests that the Magistrate Judge's recommendation regarding jury instruction number ten (10) conflicts with Fifth Circuit precedent. Objections [37], at p. 11-12. He contends that precedent mandates a limiting jury instruction if prior convictions are stipulated to, and that such an instruction permits the jury to properly construe evidence of criminal history. *Id.* This argument is unavailing. Fifth Circuit precedent does not mandate a limiting instruction when a defendant's prior convictions are introduced. *Smallwood v. Johnson,* 73 F.3d 1343, 1349-50 (5th Cir.1996). For a constitutional violation to

exist, the failure to provide a limiting jury instruction must have resulted in a fundamentally unfair trial. *Id.* at 1350 (citing *Thomas v. Estelle*, 587 F.2d 695, 698 (5th Cir.1979)). Prejudice requires that "there is a reasonable probability that, but for the [error], the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Based on the State's evidence, there is not a reasonable possibility that the jury would have reached a different verdict had a limiting instruction been administered by the trial court. The Magistrate Judge correctly reasoned that no prejudice resulted, and thus, the second prong of the *Strickland* test was not satisfied. Report and Recommendations [33], at p. 28.

In sum, the Court concludes that Petitioner has failed to demonstrate that his counsel's performance fell below an objective standard of reasonableness. Petitioner has likewise not demonstrated the requisite prejudice required by *Strickland.*

## C. Petitioner's Remaining Objections to the Report and Recommendations

Petitioner also objects that he is being held in violation of the safeguards of the Fourth, Sixth, and Fourteenth Amendments of the United States Constitution.

### 1. New Issues Presented in Petitioner's Objections

Petitioner raises three additional issues, not addressed in the Report and Recommendations [33]. Petitioner first contests the use of alleged hearsay evidence by the Magistrate Judge in the "facts" section of the Report and Recommendations [33]. Second, Petitioner asserts that the Magistrate Judge improperly applied

relevant jurisprudence when considering his request for Subpoena Duces Tecum

[16], in which he sought evidence of the 911 call made by an eyewitness after the

robbery.  Finally, Petitioner claims that police misconduct permeated his entire case.

### a. Alleged Use of Hearsay Evidence

At issue here are two alleged hearsay statements contained in the factual

background of the Report and Recommendations [33], which Petitioner claims are

inaccurate.  Objections [37], at p. 1-2.  Petitioner argues that the Magistrate Judge's

treatment of certain witness testimony as fact demonstrates the likelihood that the

jury also took this illegal hearsay evidence into consideration when his counsel failed

to object to the prosecutor's reference to hearsay testimony.  *Id.*  Petitioner asserts

that this led to an unfair trial.[2]  *Id.*  However, as the Report and Recommendations

[33] make clear, defense counsel did object to several instances of hearsay testimony,

and those objections were sustained.  Report and Recommendations [33], at p. 24.

Those incidents to which counsel chose not to object, but which Petitioner cites as

evidence for his ineffective assistance of counsel claim, are in fact not hearsay, but

rather the witness's own description of the getaway car based on personal

knowledge.  *Id.*  Therefore, any objection to these statements would have been

overruled by the trial court, and cannot serve as the basis for habeas relief.  *United*

*States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999).  Even if Petitioner were able to

---

[2]The Report and Recommendations state that: "[a]fter making a call to the
manager of the complex, [the witness] was told the car belonged to Jael Fraise."
Report and Recommendations [33], at p. 2.

demonstrate a deficiency under *Strickland*, he fails to produce any evidence of resulting prejudice.

Petitioner further states that the Magistrate Judge inaccurately referred to the "do rag" found during a search by police as a "mask."[3] Objections [37], at p. 1. However, as Petitioner acknowledges, at trial, both defense counsel and the State correctly referred to the property as a "do rag." *Id*. This leads the Court to conclude that the jury was never presented with testimony that referenced the "do rag" as a "mask," which would have had no damaging effect on the Petitioner's case. As an alternative argument, Petitioner alleges that defense counsel's failure to describe the "do rag" in a way that demonstrated it could not have been used as a mask during the robbery, amounts to deficient counsel. *Id*. Given the degree of deference accorded to an attorney's trial strategy, the Court finds this objection unpersuasive. *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011).

b. Subpeona Duces Tucum

Petitioner complains of the Magistrate Judge's rejection of his Motion for Subpoena Duces Tecum [16], which requested production of the 911 call made by an eywitness. Objections [37], at p. 17. Petitioner alleges that the Magistrate Judge inaccurately applied case law in his Order [23] denying Fraise's request for Subpoena Duces Tecum [16]. *Id*. Having reviewed the Supreme Court's decision in *Bracy v. Gramley*, 520 U.S. 899 (1997), which Petitioner references in support of his

---

[3] The Report and Recommendations state that: "police searched Fraise's apartment and found a black mask." Report and Recommendations [33], at p. 3.

argument, the Court concludes that this Objection cannot succeed. Petitioner does not explain how the Magistrate Judge "failed to properly apply [*Bracy*]." *Id.* Moreover, the Magistrate Judge referenced and relied upon *Murphy v. Johnson*, 205 F.3d 809 (5th Cir. 2000), wherein the Fifth Circuit held that a petitioner's motion for subpoena duces tecum must contain specific references to information that would be obtained if such a motion were granted. *Murphy,* 205 F.3d at 814. Petitioner has failed to meet this standard, only broadly claiming that the 911 call *may* contain relevant information regarding the eyewitness identification. Given this level of generality, Petitioner's Motion was properly rejected by the Magistrate Judge.

c. Police Misconduct

The third issue Petitioner raises in his Objections [37] is the alleged general misconduct by police throughout the course of the investigation. Objections [37], at p.13-14. According to Petitioner, "the Court has failed to consider the fact that the police's conduct and professionalism has always been in question." *Id.*, at p. 13. He states that "the defense has always claimed and tried to demonstrate that the search was conducted before the [eyewitness] identification." *Id.* Because Petitioner fails to provide any additional evidence to support his assertion that police searched his apartment before he became a suspect in the case, this Objection is insufficient to warrant a reversal of the Magistrate's findings.

## III. CONCLUSION

After thoroughly reviewing the record and the findings in the Report and

Recommendations [33], in addition to the positions advanced in Petitioner's

Objections [37], and for the reasons stated herein, the Court finds that the

Petitioner's Objections [37] should be overruled, and that the Magistrate's Report

and Recommendations [33] entered on March 23, 2012, should be adopted as the

findings of the Court.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Petitioner Jael

Fraise's Objections [37] to the Report and Recommendations [33] filed in this cause

on April 25, 2012, are **OVERRULED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Report and

Recommendations [33] of Chief Magistrate Judge John M. Roper entered on March

23, 2012, are hereby adopted as the opinion of this Court.

**SO ORDERED AND ADJUDGED,** this the 19th day of July, 2012.


s/ *Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE